UNITED STATES DISTRICT COURT
District of Massachusetts

Civil Action No. ____

FILED
IN CLERKS OFFICE

2004 OCT 14  P 1: 21

U.S. DISTRICT COURT
DISTRICT OF MASS.

Charles Thore, Plaintiff

**04  12165 NG**

MAGISTRATE JUDGE _____

Vs.

Glenn Fossa, Matthew DiBara, John M. Kelley, Philip J. Kearns, Jr., Leroy M. Jackson, Peter A. Kymalainen, Michael J. Lyver, David Napolitano and Daniel Richard, Defendants

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 10/14/04

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The above named plaintiff for the Complaint and Cause of Action against the Defendants states and alleges as follows:

### I. INTRODUCTION

1. This is an action for money damages brought pursuant to U.S.C. section 1983 and the Fourteenth Amendment to the United States Constitution, and the common law of the Commonwealth of Massachusetts, against Glenn Fossa, Matthew DiBara, John M. Kelley, Philip J. Kearns, Jr., Leroy M. Jackson and Peter A. Kymalainen, all six police officers of the Town of Fitchburg, Massachusetts and Michael J. Lyver, David Napolitano and Daniel Richard, all three state troopers of the Commonwealth of Massachusetts, and all nine in their respective individual capacities as police officers and state troopers.

2. It is alleged all nine Defendants conspired to justify the illegal shooting of Plaintiff by a fellow police officer and all nine Defendants are jointly and severally liable for malicious abuse of process, thereby violating Plaintiff's rights under the Fourteenth Amendment to the United States Constitution and thereby causing plaintiff to be

wrongfully committed to state prison and to suffer emotional distress.

## II. PARTIES

3. Plaintiff Charles Thore is an individual currently residing at M.C.I. Bridgewater, located in Bridgewater, Massachusetts.

4. All nine Defendants currently reside in Massachusetts.

5. At all relevant times Defendants Glenn Fossa, Matthew DiBara, John M. Kelley, Philip J. Kearns, Jr., Leroy Jackson and Peter A. Kymalainen were police officers in the employ and on duty for the Town of Fitchburg, Massachusetts, acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and the Town of Fitchburg, Massachusetts.

6. At all relevant times Defendants Michael J. Lyver, David Napolitano and Daniel Richard were state troopers in the employ and on duty for the Massachusetts State Police, acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and the Massachusetts State Police.

## III. JURISDICTION

7. Jurisdiction is conferred upon this court pursuant to the provision of 42 U.S.C. section 1983, and the laws of the Constitution of the United States and the laws of the Commonwealth of Massachusetts.

## IV. STATEMENT OF FACTS

8. October 17, 2001 at approximately 7:30 p.m., Plaintiff was in the driver's seat of a parked car with his girlfriend at a Jiffy Lube parking lot in Fitchburg, Massachusetts.

9. Several Fitchburg police arrived at the scene at this time, including Defendants Glenn Fossa, Matthew DiBara and John M. Kelley.

10. The police officers arrested Plaintiff.

11. During the arrest police officer Jeffrey Howe fired several bullets from his handgun at the Plaintiff.

12. Plaintiff was struck in the neck by at least one of the bullets and suffered serious bodily injury.

13. Defendants Glenn Fossa, Matthew DiBara and John M. Kelley wrote false police reports to justify their actions and those of officer Jeffrey Howe.

14. Defendants Glenn Fossa, Matthew DiBara and John M. Kelley wrote false police reports to justify charging Plaintiff with three counts of attempted murder, three counts of Assault and Battery by means of a Dangerous Weapon and one count of Domestic Assault and Battery.

15. Defendant Leroy M. Jackson wrote a false police report to justify charging Plaintiff with Domestic Assault and Battery.

16. Defendant Leroy M. Jackson wrote a false police report to justify the actions of Glenn Fossa, Matthew DeBara, John M. Kelley and Jeffrey Howe.

17. There are only two known civilian witnesses to the arrest and shooting of Plaintiff: a truck drive named Jon Laro and Plaintiff's girlfriend, Jessilyn Chobot.

18. Defendants Peter A. Kymalainen and Michael J. Lyver participated in the making of false witness statements by Jon Laro to justify the shooting of Plaintiff and justify charging Plaintiff with three counts of Attempted Murder and three counts of Assault and Battery by Means of a Dangerous Weapon.

19. Defendants Philip J. Kearns, Jr., Daniel Richard and David Napolitano participated in the making of a false witness statement by Jessilyn Chobot to justify the

shooting of Plaintiff and justify charging him with three counts of Attempted Murder and three counts of Assault and Battery by Means of a Dangerous Weapon and one count of Domestic Assault and Battery.

20. As a direct and proximate result of the acts of all nine Defendants, Plaintiff was sentenced to state prison for four years and has suffered and continues to suffer emotional distress.

## COUNT I - CONSPIRACY

21. For this cause of action, Plaintiff incorporates paragraphs 1 - 20 of this Complaint as if fully set forth under this count.

22. All nine Defendants, acting under color of law, conspired against Plaintiff to justify the illegal shooting of Plaintiff by Officer Jeffrey Howe.

23. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. section 1983 against all nine Defendants for violation of his constitutional right to be free from the use of a conspiracy by persons acting under color of law.

## COUNT II - MALICIOUS ABUSE OF PROCESS

24. For this second cause of action, Plaintiff incorporates paragraphs 1 - 20 of this Complaint as if fully set forth under this count.

25. All nine Defendants, acting under color of law, did maliciously abuse process when they jointly and severally charged Plaintiff with three counts of Attempted Murder, three counts of Assault and Battery by Means of a Dangerous Weapon, and one count of Domestic Assault and Battery.

26. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. section 1983 against all nine Defendants for violation of his constitutional right to be free from

the use of malicious abuse of process by persons acting under color of law.

WHEREFORE, the Plaintiff requests this court:

A. Award compensatory dames to Plaintiff in the amount of $1,000,000.00;

B. Award costs of this Action to Plaintiff;

C. Award reasonable attorney fees and costs to the Plaintiff;

D. Award such other and further relief, including punitive damages, this Court may deem appropriate.

The Plaintiff hereby demands a jury trial.

Respectfully Submitted
By Plaintiff's Attorney,

Dated: October 14, 2004

John P. Vignone, Esquire
14 Common Street
Wrentham, MA 02039
508-384-3900
BBO #562163